IN THE CIRCUIT COURT FOR THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

Case No. 2018-CA-010630-O

KATHLEEN M. BONCZYK,

       Plaintiff,

v.

JULIAN KEITH LEVENE,
MARTIN GLOVER,
JOHN WARDLE,
JEAN MARIE CARROLL,
RICHARD ENGLAND and
CADIZ MUSIC AND DIGITAL LTD,

       Defendants.

_____/

## NOTICE TO ADVERSE PARTIES OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA UNDER 28 U.S.C. § 1332, 1441 and 1446

PLEASE TAKE NOTICE, pursuant to 28 U.S.C. § 1446(d), that on January 22, 2020, Defendants, JOHN WARDLE ("Wardle"), RICHARD ENGLAND ("England"), and CADIZ MUSIC AND DIGITAL LTD. ("Cadiz") (collectively "Defendants"), by and through his undersigned counsel, filed a Notice of Removal of this Action in the United States District Court for the Middle District of Florida, and thereby removed the case styled KATHLEEN M. BONCZYK v. JULIAN KEITH LEVENE, et al., Case Number 2018-CA-010630-O, to Federal Court.

A copy of the Notice of Removal is attached hereto, and is served and filed herewith.

Respectfully submitted,

**WOLFE LAW MIAMI, P.A.**
*Counsel for Defendants Wardle,*
*England and Cadiz*
175 SW 7th Street, Suite 2410
Miami, FL 33130
Richard C. Wolfe, Esq.
Florida Bar No. 355607
Rwolfe@wolfelawmiami.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was furnished via electronic mail on the 23rd day of January 2020 to:

CPLS, P.A.
201 East Pine Street, Suite 445
Orlando, FL 32801
Tel 407-647-7887
Fax 407-647-5396
www.cplspa.com
CPLS File No. 3065-1

ALBERTO E. LUGO-JANER, Esq.
Florida Bar Number 0972592
alugo-janer@cplspa.com
Counsel for Plaintiff

 /s/  Richard Wolfe___
Richard Wolfe
Attorney

IN THE CIRCUIT COURT FOR THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

Case No. 2018-CA-010630-O

KATHLEEN M. BONCZYK,

       Plaintiff,

v.

JULIAN KEITH LEVENE,
MARTIN GLOVER,
JOHN WARDLE,
JEAN MARIE CARROLL,
RICHARD ENGLAND and
CADIZ MUSIC AND DIGITAL LTD,

       Defendants.

_____/

## DEFENDANTS WARDLE, ENGLAND, AND CADIZ'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA UNDER 28 U.S.C. § 1441(b) AND 28 U.S.C. § 1332 (DIVERSITY)

Defendants, JOHN WARDLE ("Wardle"), RICHARD ENGLAND ("England"), and CADIZ MUSIC AND DIGITAL LTD. ("Cadiz") (or collectively "Defendants"), by and through undersigned counsel, hereby invoke this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332 and 1441(b) and removes this action from state court to federal court pursuant to 28 U.S.C. § 1446. In support thereof, Defendants assert as follows:

### STATEMENT OF THE CASE

1.     On September 28, 2018, Plaintiff KATHLEEN M. BONCZYK, (hereinafter "Plaintiff" or "Bonczyk") commenced an action in the Circuit Court for the Ninth Judicial Circuit in and for Orange County, Florida styled KATHLEEN M. BONCZYK v. JULIAN KEITH LEVENE., Case

Number 2018-CA-010630-O ("State Court Action"). On September 18, 2019, Plaintiff filed an amended complaint, adding Wardle, England, Cadiz, and Martin Glover ("Glover") as parties to the lawsuit. On November 19, 2019, Plaintiff filed a second amended complaint, adding Jean Marie Carroll ("Carroll") to the lawsuit. A true and correct copy of the civil action summons and complaint in the State Court Action are attached hereto as Exhibit "A" and Exhibit "B", respectively.

2.      Plaintiff asserts eight ("8") causes of action in the State Court Action, all of which are alleged against all Defendants, except for Count 1 and one count for injunction: (i) Breach of Contract; (ii) Tortious Interference; (iii) Conspiracy; (iv) Fraudulent Inducement; (v) Misappropriation; (iv) Breach of Contract; and two counts for Injunction.

## BASIS FOR REMOVAL JURISDICTION

3.      Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum state." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

4.      The amount in controversy must also exceed $75,000.00. See U.S.C. § 1332(a).[1]

5.      Although not directly included as a cause of action, the Complaint contains controversy involving copyright infringement, which is a federal issue. On page one of the second amended complaint, Plaintiff specifically states that Defendants engage in "infringing activities relative to Plaintiff's property, including property owned by copyright." See Exhibit "B", Second Amended Complaint page 1, ¶1.

6.      This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a), because the parties are completely diverse, and the amount in controversy exceeds $75,000.00.

---

[1] Defendants will be filing a declaration regarding same.

## DIVERSITY OF CITIZENSHIP

7.      Plaintiff's Citizenship. The sole Plaintiff is a resident of Orange County, Florida. See Exhibit "B", Second Amended Complaint page 2, ¶3.  Plaintiff is the only party to this Lawsuit who resides in Orange County, Florida.

8.      Defendant Levene is a resident of England, which Plaintiff admits. See Exhibit "B", Second Amended Complaint page 2, ¶4.

9.      Defendant Glover is a resident of England, which Plaintiff admits. See Exhibit "B", Second Amended Complaint page 3, ¶10.

10.     Defendant Wardle is a resident of England, which Plaintiff admits. See Exhibit "B", Second Amended Complaint page 3, ¶12.

11.     Defendant Carroll is a resident of England, which Plaintiff admits. See Exhibit "B", Second Amended Complaint page 3, ¶14.

12.     Defendant England is a resident of England, which Plaintiff admits. See Exhibit "B", Second Amended Complaint page 3, ¶15.

13.     Defendant Cadiz's office is located in England. Plaintiff admits that many of the actions taken by Defendant England, were done in an official capacity as director and owner of Cadiz, and on behalf of Cadiz, who resides and works in England. See Exhibit "B", Second Amended Complaint page 3, ¶15-17.

## AMOUNT IN CONTROVERSY

14.     The amount in controversy requirement is also met. In general, the amount in controversy for jurisdictional purposes is determined by the amount of damages or the value of the property

that is the subject of the action. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-348 (1977).

15.     Here, Plaintiff seeks damages in excess of $15,000. See Exhibit "B", Second Amended Complaint page. 1, ¶1. However, the intellectual property at issue is valued well over than $75,000.00, and should Plaintiff's injunctions somehow be granted, Defendant's losses would far exceed $75,000.00.[2]

**ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**

16.     Removal to Proper Court. Pursuant to 28 U.S.C. § 1446(a), Defendants are filing this Notice of Removal in the Federal Court embracing the State Court where the State Court Action is pending, which is Orange County, in Orlando, Florida.

17.     Removal is timely. An attempt at Service, under the Hague Convention occurred on January 6, 2020. Rather than contest that service, the Defendants will proceed as though it was valid. This action has been removed within thirty (30) days after receipt of the Complaint, in accordance with the time period mandated by 28 U.S.C. § l446(b).

18.     Pleadings and Process. Defendant will be served with process, pleadings or orders, other than the Summons and Complaint as soon as this case is transferred to Federal Court which will be attached thereto as Ex. "A" and Ex. B", respectively. Accordingly, Defendant does not attach further documents pursuant to 28 U.S.C. § 1446(a).

19.     Consent to Removal. Defendants Wardle, England, and Cadiz consent to the removal of this action. According to the docket, Levene (may) have been served via publication (but no default is entered). It does not appear that Carroll or Glover were served.

---

[2] Defendants will be filing a declaration confirming same.

20.     Notice. Written notice of the filing of this Notice of Removal will be promptly served upon Plaintiff. Defendant will also promptly file a copy of this Notice with the Clerk of the Circuit Court for the 9th Judicial Circuit in and for Orange County, Florida.

## CONCLUSION

21.     By this Notice of Removal and the associated attachments, Defendants waive any objections they may have as to service, but not as to jurisdiction or venue, or any other defenses or objections he may have to this action. Defendants intend no admission of fact, law or liability by this Notice, and expressly reserve all defenses, motions and/or pleas. Defendants pray that the State Court Action be removed to Federal Court, that all further proceedings in the state court be stayed, and that Defendants receive all additional relief to which he is entitled.

DATED: January 23, 2020                        Respectfully submitted,

**WOLFE LAW MIAMI, P.A.**
*Counsel for Defendant Wardle,*
*England and Cadiz*
175 SW 7th Street, Suite 2410
Miami, FL 33130
Richard C. Wolfe, Esq.
Florida Bar No. 355607
Rwolfe@wolfelawmiami.com